Earl **HARKEY** et al., Plaintiffs-Appellants,

v.

Honorable Peter deWETTER, as Mayor of the City of El Paso, et al., Defendants-Appellees.

No. 30503.

United States Court of Appeals, Fifth Circuit.

April 12, 1971.

Rehearing Denied and Rehearing En Banc Denied July 7, 1971.

Joseph A. Calamia, John L. Fashing, El Paso, Tex., for plaintiffs-appellants.

Travis White, City Atty., John C. Ross, Jr., Wade Adkins, Asst. City Attys., El Paso, Tex., for defendants-appellees.

Before SKELTON,* Judge of the U. S. Court of Claims, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Plaintiffs Earl Harkey, Fred J. Morton, and Virginia T. Sudderth filed an action against Peter deWetter, as Mayor, Dr. Lea Hutchinson, as Director of Veterinary Services, and Earl Chokiski, as Chief of Police, all officials of the City of El Paso, Texas, seeking to invalidate an ordinance of the City of El Paso and enjoin enforcement thereof, alleging that such ordinance deprived the plaintiffs of their rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution. They assert jurisdiction under 28 U.S.C. 1343, 2201 and 2202, and 42 U.S.C. 1983.

The parties below submitted the case to the district court on the merits by stipulation, and the court below rendered an order finding "that the court has jurisdiction to hear said cause, that the ordinance in question is valid, that the plaintiffs are not entitled to any relief prayed for".

* Honorable Byron G. Skelton, sitting by designation.

Each of the plaintiffs resides on tracts of one acre or more within the city limits of the City of El Paso, Texas, and keeps animals (horses and beef calves) on the premises on which their private residences are located; and they allege that if they fail to obtain a permit under certain ordinance provisions of the City of El Paso, they are threatened with impoundment of their animals and thereby will suffer irreparable damage.

In substance, the ordinance in question regulates occupants of residences who maintain horses, calves, and other animals on their premises by requiring removal of manure and other droppings from the pens, stables, and other enclosures twice weekly, and further regulates watering tanks and troughs by requiring that such be adequately drained to avoid overflows so as to prevent the breeding of flies, mosquitoes, and other insects. The plaintiffs object to the inspection provision of the ordinance that provides:

*Chapter 5, Article II—El Paso City Code*

*Sec. 5–23 Pens and enclosures; sanitary requirements.*

\* \* \* \* \* \*

(f) For the purposes of enforcing this article the director may make or cause to be made inspections of any place where animals or birds are kept; and the making of an application for, or the acceptance of, a permit under this article shall constitute consent for the director, or persons authorized to act for him, to enter and inspect, at all reasonable times and upon presentation of appropriate credentials, the premises to which such application or permit relates, except any building used as a dwelling place by human beings.

Appellants allege that the ordinance provision authorizes warrantless searches of their premises and that such ordinance is unconstitutional on its face in that the law and permit required thereunder seeks to coerce the consent to searches and seizures upon private property without a warrant, and that the conditioning of a permit to keep animals in the city limits upon consent to such searches is an unconstitutional condition and need not be complied with in order to keep animals in the City of El Paso.

The main thrust of plaintiff's argument is that the questioned ordinance is unconstitutional in that it violates the teachings of Camara v. Municipal Court (1967), 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930; and See v. Seattle (1967), 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943. We find *Camara* inapposite as Camara was awaiting trial on a criminal charge for refusing to permit building inspectors to inspect his *residence* without a warrant. In *See* appellant was seeking reversal of his conviction for refusing to permit the building inspector to inspect his *locked commercial warehouse* without a warrant and without probable cause to believe there was a violation of the municipal fire code. Justice White, writing for the majority in *See*, stated:

"We do not in any way imply that business premises may not reasonably be inspected in many more situations than private homes, nor do we question such accepted regulatory techniques as licensing programs which require inspections prior to operating a business or marketing a product. Any constitutional challenge to such programs can only be resolved, as many have been in the past, on a case-by-case basis under the general Fourth Amendment standard of reasonableness."

We hold that the ordinance here in question is reasonable.

As our holding here is that the questioned ordinance is reasonable, and the plaintiffs never having applied for a permit, and no inspection having been asserted by the City of El Paso on the premises involved, and no action taken by the officials to impound the plaintiffs' horses and calves, we cannot pass

on whether the ordinance would be enforced in an unconstitutional manner.

The judgment of the district court is Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.